Case No. 24-7120, Bruno K. Mpoy, Appellant, v. John Burst, in his personal, unofficial capacity at all. Ms. Burrell is appointed amicus curiae for the Appellant. Ms. Sauer for the Appellees. Good morning, Ms. Burrell. Good morning. May it please the Court. Robin Burrell, on behalf of Amicus, appointed in support of the Plaintiff, Bruno Mpoy. I've reserved two minutes of my time for rebuttal. The District Court dismissed Mr. Mpoy's Section 1983 claim, which alleges a violation of procedural due process on the ground that Mr. Mpoy failed to exhaust administrative remedies imposed by D.C. law. That dismissal should be reversed, because only Congress can impose an exhaustion requirement on a Section 1983 cause of action it created, and it has not done so as to Mr. Mpoy's claim. Indeed, defendants now agree. They move to this Court to vacate and remand on the ground that, in their words, D.C.'s Comprehensive Merit Personnel Act, or CMPA, cannot bar a due process claim under 42 U.S.C. Section 1983 in federal court, and that's from their motion, Defendant's Motion to Vacate and Remand at 4. As we said in our response to Defendant's Motion to Vacate, there's currently a division of authority among District Judges in this Circuit on that key issue. You've asked for a published opinion to clear this up, so I'm going to ask you to argue the other side a little bit and explain to me why we should go to that trouble and why the District Courts seem to be getting this wrong. This just seems like a very straightforward application of Patsy. So, I would agree, Your Honor, that it is straightforward. I think there's a few reasons why District Courts have gotten this wrong. Some District Courts have relied on cases that do not consider 1983 claims, or sorry, that do not consider the CMPA, but rather federal statutes which impose an exhaustion requirement. And, of course, we would say that those are different because Congress does have the authority to affect a District Court's jurisdiction, whereas the State does not. Because Congress defined the District to be a State for 1983 purposes. Yes, Your Honor, and Congress has not said that a procedural due process claim under Section 1983 can be subject to State or District exhaustion requirements like the one imposed by the District here. Of course, the District can enact a statute that affects the State Courts in D.C. and their jurisdiction, but they cannot affect the jurisdiction of the District Court here. Could a federal agency acting pursuant to delegated authority impose exhaustion requirements that would attach to 1983 cases? I think that may be meaningfully different because the 1983 cause of action is affecting State actors, but I would submit that the CMPA is different. Just because the District is acting pursuant to delegated authority of Congress doesn't mean that the statute has Congressional, the force of a Congressional statute. So, it did not go through the- No, I guess I'm just asking whether we should think of D.C. law for these purposes as more like a State statute or more like a federal regulation. I would say it should be considered more like a State statute for these purposes. The Congress here with the CMPA didn't take any action, and I don't think that the passive acceptance of the statute amounts to the clear statement of jurisdiction that would be necessary to affect the District Court's jurisdiction here. Because the defendants have not filed a merits brief here, I did just want to address their opposition to Mr. Mopoi's motion for summary reversal, which argued that Mr. Mopoi had failed to state a due process claim. I do want to make clear that we do not think that that is a basis to affirm for a few different reasons. First, defendants, as they now have stated, did not make that argument below, so it's forfeited for purposes of appeal. Second, since the filing of our brief, the defendants have obviously abandoned that defense of the decision on that ground and have instead asked this Court to vacate and remand. And regardless, I think Mr. Mopoi did plead a plausible due process claim, if the Court reaches that question. His complaint alleges at JA32, paragraph 56, that he was indefinitely suspended from his job as a D.C. public school teacher with no prior notice or opportunity to be heard. He also alleges that as of the date of his complaint in this case, he had not received any valid notice of the suspension. And he also alleges that defendants didn't do anything for the 14 months during which his administrative grievance was pending. So our position is that those allegations would state a viable due process claim. But again, we think the stronger ground here is to hold that exhaustion is not required for a procedural due process claim under Section 1983 in a federal court. And we don't have a federal agency actually seeking exhaustion here. That's correct. The sole exhaustion requirement is the CMPA, Comprehensive Merit Personnel Act, imposed by the D.C. legislature. And I'm happy to answer any other questions the Court has. If not, I will plan to the rest of my time for rebuttal. Judge Rath? And is this grievance still pending? Based on the record that we have, yes. In Mr. McCoy's brief that he submitted in June of last year, he said that the grievance is still pending, but no other information in the record as to whether or not that's the case. Okay. We'll give you the rest of your time on rebuttal. Thank you. Ms. Sauer? Good morning, Your Honors, and may it please the Court. My name is Stephanie Sauer, and I'm appearing on behalf of the District of Columbia. The District asks this Court to vacate and remand this case for further proceedings, as we agree with amicus that the District Court erred when it dismissed Mr. McCoy's Section 1983 claim for failure to exhaust his administrative remedies. After Patsy v. Board of Regents, exhaustion is not a prerequisite to an action under Section 1983. We think the best course of action for this Court to take would be to vacate the District Court's opinion and remand. I'll give a few quick points before I sit down, or if you have any more questions. But going off of some points from the amicus's brief, we read the District Court's opinion as creating a jurisdictional exhaustion requirement, particularly given the opinions phrasing that the CNPA statutorily preempted Mr. McCoy's Section 1983 claim. We don't think that there is any non-jurisdictional issue in this case. We never made that argument below, and we are not making it here on appeal. But even if you do read the District Court's decision to rest on non-jurisdictional grounds, which, again, we don't think is the best reading of the opinion, but if you do regardless, I think reversal would still be warranted, as we didn't bring it below, and thus the Court had reached its responde. Do you have any concerns with, I mean, the D.C. has set up this comprehensive remedial scheme. It looks like it's the District's equivalent of the CSRA, which we see all the time, and the parties try to end-run the remedial scheme. You don't have that concern here, or you just think you don't have a legal leg to stand on? I think that with kind of what the amicus was just saying is that the CNPA is definitely more of a state statute, and I do think that the D.C. Court of Appeals especially has stated that the CNPA can be a bar when it comes to state the one that sets federal jurisdiction. Judge Rapp? Judge Katz? We appreciate your candor on this. Is there anything you want to rebut? Just briefly, on your question, Judge Katz, as to my colleague about whether this is an end-run, just briefly, I don't think that's a concern here. Obviously, the district courts have a number of tools to deal with claims that they deem that are not meritorious. Obviously, there's other arguments the district can make, so I don't think that we need to be concerned about an end-run around the district statute, and indeed, Patsy rejected some of those very same policy considerations and said they weren't appropriate to affect the rule that there was no exhaustion requirement. Thank you, Ms. Burrell. We appointed you as an amicus to represent, to argue on behalf of Mr. McCoy's side of the case, and we thank you for your able assistance. Thank you very much. Case is submitted.
judges: Katsas; Rao; Childs